**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the Murdock State Bank, Plaintiff,**

v.

**C. Bradley NOLL, Defendant.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the Mayfield State Bank, Plaintiff,**

v.

**C. Bradley NOLL, Defendant.**

**Civ. A. Nos. 89–2473–V, 89–2474–V.**

United States District Court, D. Kansas.

May 22, 1991.

---

Lawrence D. Greenbaum, Gregory S. Brown and Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiff.

Dan W. Forker, Jr., Hutchinson, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

These consolidated cases come before the court on the motions (Doc. 29 in each case) of plaintiff Federal Deposit Insurance Corporation (FDIC), as Receiver of the Murdock State Bank (No. 89–2473) and the Mayfield State Bank (No. 89–2474), for summary judgment pursuant to Fed.R. Civ.P. 56(a). Defendant C. Bradley Noll opposes the FDIC's motions. For the reasons stated below, the motions are granted.

The FDIC brought these actions against defendant, a former director, president, and chief executive officer of the Murdock State Bank and the Mayfield State Bank, claiming that, with regard to both banks, he had breached his fiduciary duty and had been negligent. The FDIC claims that defendant's alleged misconduct caused the banks to fail. The FDIC claims that, as a result of defendant's alleged misconduct, it suffered substantial damages. The FDIC

now argues, in its motions for summary judgment, that it is entitled to recover its damages from defendant as a matter of law.

■ A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. at 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The FDIC, in its brief in support of its motion for summary judgment, has asserted a number of material facts which it contends are uncontroverted. The FDIC's asserted material facts are properly supported by reference to excerpts of depositions and affidavits which have been supplied to the court. D.Kan. Rule 206(c). The FDIC argues that, on the facts, it is entitled to judgment as a matter of law. The facts that the FDIC asserts are material and uncontroverted may be summarized as follows:

■ In the mid–1980's, defendant purchased the Murdock State Bank, which is located at Murdock, Kansas, and the Mayfield State Bank, which is located at Mayfield, Kansas. Defendant became the president and chief executive officer of both

banks and controlled their investments. In 1986, contrary to the banks' investment policies, the resolutions of the banks' boards of directors, and directives from the Kansas Banking Department, defendant caused both banks to purchase large amounts of highly speculative, long-term, coupon-stripped, United States government securities. When the value of the banks' securities plummeted, the banks became insolvent and failed. On September 24, 1987, the Kansas State Bank Commissioner closed both banks. Paul Rodenback, the FDIC's bank investigator, states in his sworn affidavit that, as a result of defendant's activities, the FDIC lost in excess of $1,255,744.00 at the Murdock State Bank and in excess of $1,316,937.00 at the Mayfield State Bank.

Defendant contends, in his opposition to the FDIC's motions, that only the amount that the FDIC claims as damages is controverted. However, defendant fails to support the purported controversion with reference to material in the record. Defendant's purported controversion is merely a bald allegation of a factual dispute. Under the standards set forth in *Celotex Corp,* 477 U.S. at 321, 106 S.Ct. at 2551, and *Anderson,* 477 U.S. at 242, 106 S.Ct. at 2506–07, this is clearly insufficient to defeat the FDIC's motions. Those cases make it unequivocally clear that "a party opposing [a motion for summary judgment] ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The mere existence of an alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment. *Id.* Defendant has not set forth specific facts showing that there is a genuine issue for trial. Defendant has, likewise, not controverted the FDIC's asserted facts, which are thus deemed admitted. D.Kan. Rule 206(c). Under the standards set forth above and on the facts, as established, we conclude that the FDIC is entitled to judgment as a matter of law.

IT IS, THEREFORE, BY THE COURT ORDERED that the FDIC's motion for

summary judgment (Doc. 29) in case No. 89–2473 is granted. Judgment shall be entered in that case for plaintiff FDIC and against defendant C. Bradley Noll in the amount of $1,255,744.00.

IT IS FURTHER ORDERED that the FDIC's motion for summary judgment (Doc. 29) in case No. 89–2474 is granted. Judgment shall be entered in that case for plaintiff FDIC and against defendant C. Bradley Noll in the amount of $1,316,-937.00.

IT IS SO ORDERED.